UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Wells Fargo, N.A.

    Plaintiff,

v.

Jill Clark, Jill Clark, P.A.

    Defendants.

Jill Clark, Jill Clark, P.A.

    Plaintiffs,

v.

Wells Fargo, N.A.

    Defendant.

Petitioners Peter Rickmyer,
Morris Klock, Jerry Moore,
Jill Clark, Jill Clark, P.A.,
Jill Clark, LLC,

v.

Hennepin County District Court,
a/k/a Fourth Judicial District,
Robert A. Blaeser, in his individual
Capacity as Presiding Judge of Civil,
and John Does 1-10,

    Third-party Defendants.

Case No. ~~12cv2621~~ 12cv2621 (RHK/JJK)

**PETITION FOR REMOVAL**

TO:    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA, and plaintiff/defense counsel of record.

1

1. Pursuant to 28 U.S.C. §1333, 1334, 1343, and/or 1443, Petitioners hereby removes the following civil matters from the Minnesota Judicial Branch to the United States District Court for the District of Minnesota:

   a. That unfiled case Jill Clark, Jill Clark, P.A. v. Wells Fargo, N.A. (Wells Fargo served a counterclaim, and Plaintiffs are also defendants in that counterclaim.)

   b. Wells Fargo, N.A. v. Jill E. Clark (27-cv-11-3331).

   c. That unfiled case for which the Hennepin County Court entered judgment in favor of Wells Fargo, even though no case had been filed, no complaint had been served, and neither Jill Clark nor Jill Clark, P.A. had any opportunity to defend against.

2. The Clerk requested that these civil removals be split from the criminal removals, and that is being effected in this pleading. This revised pleading will be served, but the state case pleadings will not.

3. This situation present an "extraordinary circumstance" as described in Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010). The defendants herein, Jill Clark or companies closely associated with Jill Clark, have not been able to enforce in the courts of the State a right under any law providing for the equal civil rights of citizens of the United States. Jill Clark has encountered significant problems in the Hennepin County Court while attempting to file electronic documents, file paper documents (paper documents have not been "filed" but have been sent elsewhere in

the building for certain officials to review), obtain documents (such as official files), and has otherwise been prevented from effectively litigating in that court, and state court judges acting in a so-called administrative capacity (including Robert A. Blaeser who calls himself the Presiding Judge of Civil or the Chief of Civil, neither of which positions exist in the Minnesota Constitution or were created by the Legislature) along with court clerks have actively interfered with Attorney Clark's cases and clients, to the extent that the assignment process has been affirmatively impaired (actions have been taken to count the number of plaintiffs, to assign judges that they know Attorney Clark will advise the client to strike, or who are known for ruling harshly against Clark's clients, but to keep a "sleeper" judge who will rule against Clark in the background, waiting to assign that judge when the first ones have been stricken without cause), Clark's access to court counters has been impaired by staff who attempt to conjure up ethics cases against her (and make false reports in doing so), by the so-called Presiding Judge, Robert A. Blaeser, who worked to actively conjure up allegations against Clark and interfere with her clients' cases, thereby causing harm to her clients, and by interfering with all e-filings by Attorney Clark to the extent that by the time Clark complained to the MInnesota Supreme Court, every single document she had filed in the Fourth Judicial District had been "rejected" by staff. When Clark attempted to talk to staff to resolve the issues, she was accused of misconduct. (See, e.g., Michelle Gross and David Bicking's complaint about Robert A. Blaeser's "administrative" actions filed in

Bicking v. Bellfield; Clark's comments to the Minnesota Supreme Court regarding e-filing; and petitions filed in 12-cv-1874). When Clark's client attempted to obtain an IFP from the Signing Judge, it resulted in an ethics charge (vigorously pursued) that Clark had mis-stapled a document when she hand-carried it from the Signing Judge to the Court Clerk. Other judges, and opposing counsel, have been attempting to get Clark charged with a crime (either for something she does or does not do in that courthouse). The courthouse is not safe for Clark to enter, on many levels, and these clients are being harmed.

5. Peter Rickmyer filed a motion to recuse the entire Fourth Judicial District bench. That motion was denied, but evidence subsequently obtained by Rickmyer shows that the motion was well-founded and should have been granted.

6. As if to demonstrate the extreme unfairness afforded Clark and her clients, Wells Fargo was given a judgment by the Fourth Judicial District merely because it was requested, and without any notice to the Clark defendants herein or opportunity to defend. The unequal treatment of Jill Clark and the companies closely associated with her (as well as clients of same; and all rights are reserved to amend this petition to list such cases) has been so extreme as literally to prevent access to courts. Robert Blaeser and the Fourth Judicial District have been put on notice of these problems, but the problems have not sufficiently abated. Reactions to reporting federal constitutional violations in the Fourth Judicial District are often retaliation for so speaking. Indeed, Attorney Clark's attempts to notify the

appropriate authorities about judicial or court clerk misconduct, resulted in *Clark* being charged with "ethics" violations for making those complaints.

7. Petitioners, via Attorney Clark have notified the Minnesota appellate courts in numerous filings of the dangers for her and her clients in the Fourth Judicial District, but sufficient action was not taken. And the Minnesota Court of Appeals has refused to handle issues of judicial misconduct *in the context of the merits of the case*, even when it has been so impacted.

8. By way of example, Peter Rickmyer's case, as well as that of Bicking v. Bellfield, informed the Minnesota Court of Appeals, supported by documentation, of the conduct of Robert A. Blaeser. After the district court in Rickmyer's habeas case[1] refused to consider the conduct of Robert A. Blaeser which was well documented and *formed the basis of Rickmyer's due process habeas challenge*, the Minnesota Court of Appeals in Rickmyer's case refused even to consider the facts that showed a state judge in a bad light. Rickmyer could not get a fair ruling due to this failure to consider, which denied him due process. The Minnesota Court of Appeals requested and therefore had access to the entire file in *Bicking v. Bellfield*, which also documented the conduct of Robert A. Blaeser as so-called "Presiding Judge," but the Minnesota Court of Appeals refused to consider facts regarding Blaeser's conduct. Respectfully, Petitioners assert that this refusal of the Court of Appeals to deal with

---

[1] Rickmyer's civil constitutional tort case filed in the Fourth Judicial District was bifurcated, the habeas portion sent to Anoka County Court (Tenth Judicial District, this is the 02 case file). That portion of the case advanced more quickly than the "civil" portion and has already been dismissed, then ruled upon on appeal (affirming the district court).

5

the conduct of state judges (no matter how heinous or how well documented) is a refusal to provide due process and to protect the constitutional rights of customers in the state courts.[2]

6.5   Prior to moving to recuse the entire Fourth Judicial District Bench, Rickmyer and his counsel had been encountering situations in which Robert A. Blaeser was taking actions on files, even though he was not assigned to the case(s). Rickmyer's attempts to schedule a motion before the then-assigned state judge were refused, until the point where Rickmyer (through his counsel) learned that that state judge had not been able to recus ehimself from the file without permission of his "management" judge, which was clearly in that situation Robert A. Blaeser. This is demonstration of an unconstitutional policy at the Fourth Judicial district, which requires state judges who are elected by the public with the full panoply of district court powers, to seek "permission" to recuse in a non-disclosed, behind-the-scenes contact with a "management" judge. The policy and the criteria are not disclosed to the parties, and the parties are not allowed to be present during whatever "presentation" occurs prior to "permission" being granted. That unconstitutional policy denied Rickmyer due process. And, it became clear that Robert A. Blaeser was taking actions that were impairing Rickmyer's rights, even though he was not the judge assigned to the case.

---

[2]   Obviously, the Supreme Court accepts cases only at its discretion. Only once in the past decade have the frequent petitions filed by Attorney Clark's clients been granted.

7.     Because Attorney Clark has literally been prevented from litigating in the Fourth Judicial District, and because of other conduct that impairs the ability of these removing petitions to obtain due process (including but not limited to unconstitutional policies or customs), the cases being removed by clients affected by that abuse include:

8.     **Klock v. City of Minneapolis** (27-CV-10-14821 and 27-cv-09-20071 (pending; state pleadings at Exhibit 1, previously served upon opposing counsel)). Morris Klock initially commenced an action against Minneapolis Council Member Don Samuels in state court; the City Attorneys removed the case to federal court (09-2058 (DWF/AJB)), but the City-defendants would not agree to let Klock litigate his Fifth Amendment takings claim in federal court and preserved the right to aruge it must first be brought in state court. Fifth Amendment takings cases must be brought first in state court unless the state courts proves to be an insufficient venue for vindication of Fifth Amendment rights. Klock initially agreed to dismiss the federal claims without prejudice, and the case was remanded to state court. Klock has tried for years to litigate the takings issue in the Fourth Judicial District, but after significant briefing by both parties could not obtain a judicial ruling sufficient to go forward with his takings claim. Due to the interference with Attorney Clark at that courthouse, Klock asserts that he is unable to litigate his Fifth Amendment claim in state court and hereby re-removes the petition to federal court.

9. **Peter Rickmyer v. Tom Roy** (27-cv-11-11012 and 02-CV-11-3668), **Rickmyer v. Hodson** et al (27-CV-10-3378) and that unnumbered/non-filed case in which an order was issued by the Chief Judge of the Fourth Judicial District restricting Rickmyer's ability to file and his lawyer's ability to file documents in court. (Pleadings at Exhibit 2 (served upon opposing counsel in those cases)).

9. **Jerry Moore v. Don Allen** *et al* (27-CV-09-17778 and A11-1923). Jerry Moore is an African American plaintiff who sought justice by way of a lawsuit filed in the Fourth Judicial District against blogger John Hoff ("Johnny Northside"). Moore prevailed at a jury trial, but consistent with nearly all judges in the state system ruling against Clark and her clients since she declared in 2010 that she would run for Chief Justice, the Minnesota Court of Appeals broke with its long-standing tradition of upholding jury verdict, and reversed the district court, a position that was touted by Faeger & Benson, which supports appointments of judges and wrote a "white" paper on the "White" cases, supporting a constitutional amendment. Defendant John Hoff, who had a $60,000 judgment against him in favor of Moore following the jury trial, has been shown to have engaged in *ex parte* communications with Robert A. Blaeser. Hoff, the beneficiary of behind-the-scenes communications in the Fourth Judicial District won on appeal, and Moore, who refused to engage in such conduct, lost. (State pleadings at Exhibit 3).

10. John Hoff is a defendant in Peter Rickmyer's case, and has been proven to have had *ex parte* communications with Robert A. Blaeser. Hoff has already

8

gained an advantage in civil litigation in the Fourth Judicial District due to his this improper conduct. Rickmyer and Clark refuse to win cases by participating in the unconstitutional fixing of cases through behind-the-scenes communications. Rickmyer and Clark have been denied equal protection of the laws because they refuse to participate in that conduct. Rickmyer and Clark cannot successfully litigate in the Fourth Judicial District as long as that conduct is permitted to continue. And, there has not been any relief from the Minnesota Court of Appeals, even when it has been proven that such conduct is occurring, and that certain parties have benefitted from it. The reaction has been to ignore the facts, ignore the evidence, and ignore the bad judicial conduct, which has the effect of ratifying it.

11. **Jill Clark and Jill Clark, P.A. v. Wells Fargo Bank, N.A. and second-party claim Wells Fargo, N.A. v. Jill Clark and Jill Clark, P.A.** (unfiled civil litigation, pending) and **Wells Fargo Bank, N.A. v. Jill E. Clark** (27-CV-11-3331). As noted above, Wells Fargo was given a judgment by a court clerk in the Fourth Judicial District without even serving a complaint upon those Clark defendants. Due process was violated, but also equal protection. Robert A. Blaeser's claim to Presiding Judge of Civil status means he is responsible for the conduct of court clerks under his supervision. Due to the outrageous conduct perpetrated in the Fourth Judicial District against Jill Clark (and Clark law firmis) and thereby impairing the rights of her clients, Clark is a "class of one" for purposes of equal protection analysis (others similarly situated are treated more favorably, including

but not limited to other lawyer customers of the Fourth Judicial District, their law firms, and their clients. (Pleadings are Exhibit 4, they were prior served on opposing counsel).

## COUNTER CLAIMS

### CLAIMS FOR MANDATORY & PROHIBITORY INJUNCTIVE RELIEF
(Against the Judicial Branch, the Fourth Judicial District, the Fourth Judicial District, Robert A. Blaeser,[3] for relief under 42 U.S.C. §1983, 1985, 1986)

Petitioners allege all of the facts set forth in any part of this petition.

12.     This claim arises under Title 42 of the United States Code (Civil Rights Act of 1964, as amended), including but not limited to §1983, 1985 and 1986.

13.     Defendants deprived Petitioners of their rights, privileges, and immunities secured by the United States Constitution, and specifically the Fourteenth Amendment to the United States Constitution, in conjunction with other rights, including but not limited to the following clearly established rights:

   a.     to procedural and substantive due process;

   b.     to equal protection (including class of one);

---

[3]     Robert A. Blaeser was not acting in the scope of judicial duties, or was acting in the absence of jurisdiction and is therefore not entitled to judicial immunity. He is not entitled to qualified immunity because he was acting with intent to violate constitutional rights, acting maliciously or acting with reckless disregard for Plaintiffs' constitutional rights.

10

c. and they failed to protect petitioners (to the extent necessary an expansion of failure to protect law is sought); and

d. to First Amendment rights including but not limited to the freedom of expression, freedom of association, the right to petition and the right of access to courts.

14. The Defendants acted under color of law and under statute, ordinance, regulation, resolution, policy, custom or usage when they deprived Petitioners and others similarly situated of their Constitutional rights, privileges, and immunities.

15. These Petitioners put the defendants on notice that their federal constitutional rights were being violated and the defendants failed to protect their rights.

16. As a direct and proximate result of the Defendants' conduct, inaction, statute, ordinance, rule, regulation, ordinance, policy or customs as describe above, Petitioners suffered the deprivation of their constitutional and/or federal statutory rights and suffered and will suffer personal injuries, including injury to their cases, career, or other harm.

17. By reason of the foregoing, Plaintiffs are entitled to an injunction against Defendants until the Defendants satisfy this Court that they will protect the constitutional rights of these Petitioners and others similarly situated. Defendants are liable to Petitioners in a reasonable amount in excess of $50,000 and for reasonable

attorney fees and costs incurred herein and Petitioners are entitled to a temporary restraining order, preliminary injunction and permanent injunction.

18.    The electronic e-filing and case history system is not accurate, is subject to error, and is not corrected when the error is brought to the courts' attention.  Even if criminal defendants appear in court, they can be marked as "failed to appear" which subjects them to unconstitutional bench warrants.

19.    To date, upon information and belief, all respondent(s) have been served with process.  This revised petition will be served, but the state court pleadings will not be re-served.

20.    Petitioners reserve the right to file additional exhibits.

21.    Petitioners are filing this Notice of Removal and will file the Notice of Filing Notice of Removal with the United States District Court, District of Minnesota, more than 30 days following commencement of the proceedings, but pursuant to 28 U.S.C. §1446(b)(3), these documents are being filed within 30 days of an order(s) or paper from which is could first be ascertained that the case is one which is or has become removable.

22.    Venue is proper in the United States District Court for the District of Minnesota pursuant to 42 U.S.C. §1391(b), as Petitioners and Respondents are all located within the District of Minnesota.

22.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1343, and removal is accomplished by 1443.

23.     This Court has original jurisdiction over this dispute pursuant to 28 USC §1331, 1333, 1334, 1343 and 1443 and removal falls under the provisions of 28 USC §1441.

24.     Pursuant to 28 USC §1446(d), removing party will promptly file notice of removal with the state court and will give notice to all adverse parties "which shall effect removal **and the State court shall proceed no further unless and until the case is remanded**." (Emphasis added).

**WHEREFORE**, Petitioners pray that this action be removed from the courts of the State of Minnesota to this United States District Court, and that the District Court issue an injunction.

Respondent prays that this Court promptly issue a writ of certiorari pursuant to 28 USC §1447(b) for the entire state court file relating to all of these matters referenced herein (wherever kept including in chambers files or purported administrative files), including exhibits and all transcripts and <u>all electronic files of the Minnesota State Courts or administrative agencies relating to these files, including all public and non-public entries</u>.  These Petitioners do not waive their confidentiality rights with regard to any of this data.  Data under seal shall remain under seal and Petitioners seek notice of any request to unseal the data.

**ATTORNEYS FOR PETITIONERS**

Dated: August 31, 2012

s/jillclark
_____
Jill Clark, Esq. (196988)

s/jillclark
Jill Clark, P.A. by Jill Clark, Esq.

s/ Jill Clark
Jill Clark, LLC by Member Jill Clark

s/ Jill Clark
Jill Clark by Jill Clark


2005 Aquila Avenue North
Golden Valley, MN 55427
PH: 763-417-9102