## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Wells Fargo, N.A.,

        Plaintiff,

v.                                                                                                                                              **ORDER**
Civil No. 12-2621 ADM/JJK

Jill Clark, Jill Clark, P.A., Will McDonald,
John Hoff, and Megan Goodmundson,

        Defendants.

Peter Rickmyer, Morris Klock, Jerry Moore,
Jill Clark, Jill Clark, P.A., and Jill Clark LLC,

        Third-Party Plaintiffs,

v.

Hennepin County District Court, Robert
Blaeser in his individual capacity as Presiding
Judge of Civil, and John Does 1-10,

        Third-Party Defendants.

---

Peter Rickmyer, pro se, in a limited appearance.

Jill Clark, Esq., for Third-Party Plaintiffs.[1]

Julie K. Bowman, Esq., Hennepin County Attorney's Office, Minneapolis, MN, for Defendant Will McDonald.

Paul A. Godfread, Esq., Godfread Law Firm, Minneapolis, MN, for Defendants John Hoff and Megan Goodmundson.

---

[1] Attorney Clark did not appear at the hearing, nor did she request that the hearing be continued. If she is currently medically incapacitated (a matter on which the record is unclear), the Court would have attempted to accommodate her appearance by phone or other means.

On January 11, 2013, the undersigned United States District Judge heard oral argument on Defendants Will McDonald, John Hoff, and Megan Goodmundson's Motion to Remand to State Court [Docket No. 13].  The Court also considered Peter Rickmyer's Application to Proceed In Forma Pauperis [Docket No. 2] and Rickmyer, Morris Klock, Jerry Moore, Jill Clark, Jill Clark, P.A., and Jill Clark LLC's ("Third-Party Plaintiffs") Motion to Consolidate Cases [Docket No. 28].  At the hearing on Defendants' Motion to Remand, Rickmyer made a "limited appearance" on behalf of himself, but stated that he continues to retain Clark as his attorney.  For the reasons stated on the record at oral argument, Defendants' motion to remand is granted.  Rickmyer's application to proceed in forma pauperis and Third-Party Plaintiffs' Motion to Consolidate are denied as moot.

As explained more fully on the record, the Motion to Remand is granted because the Petition for Removal attempts to remove several state court cases to federal court as a single federal case.[2]  Also, the Third-Party Plaintiffs in this action are actually the plaintiffs in each state court action they seek to remove.  Removal in this manner is improper and precludes consideration of whether each separate state court case would satisfy the requirements of the removal statute and this Court's jurisdiction.  In addition, only defendants, not plaintiffs, are entitled to remove cases under 28 U.S.C. § 1441.  Third-Party Plaintiffs have stated no applicable legal authority supporting their attempt at removal, nor is the Court aware of any legal authority authorizing removal in this case.

---

[2] Third-Party Plaintiffs' petition for removal is imprecise, but Third-Party Plaintiffs purport to remove the following state court cases: Klock v. City of Minneapolis, 27-cv-10-14821 and 27-cv-09-20071, Rickmeyer v. Roy, 27-cv-11-11012 and 27-cv-11-3668, Rickmyer v. Hodson, 27-cv-10-3378, Moore v. Allen, 27-cv-09-17778 and A11-1923, and Clark v. Wells Fargo, unfiled.  See Notice of Removal [Docket No. 1].

Further elaboration of the bases for the Court's ruling in this matter was stated on the record at the hearing, a transcript of which shall be available to the parties via the court's electronic filing system.

Based upon all the files, records, and proceedings herein and for the reasons stated on the record at oral argument, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Remand [Docket No. 13] is **GRANTED**;

2. Plaintiff Rickmyer's application to proceed in forma pauperis [Docket No. 2] is **DENIED** as moot; and

3. Plaintiffs' Motion to Consolidate Cases [Docket No. 28] is **DENIED** as moot.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 11, 2013.