UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| WELLS FARGO, N.A., | ) | CIVIL FILE |
|  | ) | NO. 12-CV-2621 (ADM/JJK) |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| JILL CLARK; JILL CLARK, P.A.; WILL | ) |  |
| McDONALD; JOHN HOFF; and MEGAN | ) |  |
| GOODMUNDSON, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
| PETER RICKMYER; MORRIS KLOCK; | ) |  |
| JERRY MOORE; JILL CLARK; | ) |  |
| JILL CLARK, P.A.; and | ) |  |
| JILL CLARK, LLC, | ) |  |
|  | ) |  |
| Third-Party Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| HENNEPIN COUNTY DISTRICT COURT; | ) |  |
| ROBERT BLAESER in his individual | ) |  |
| capacity as Presiding Judge of | ) |  |
| Civil; and JOHN DOES 1-10, | ) | Courtroom 13 West |
|  | ) | Friday, January 11, 2013 |
| Third-Party Defendants. | ) | Minneapolis, Minnesota |
|  | ) |  |

-------------------------------------------------------------

**HEARING ON**

**DEFENDANTS McDONALD, HOFF, and GOODMUNDSON'S
MOTION TO REMAND
[ DOCKET NO. 13 ]**

**THIRD-PARTY PLAINTIFF RICKMYER'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS*
[ DOCKET NO. 2 ]**

**THIRD-PARTY PLAINTIFFS' MOTION TO CONSOLIDATE CASES
[ DOCKET NO. 28 ]**

BEFORE THE HONORABLE ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S :**


For **Defendant Will McDonald:**


                              **OFFICE OF THE HENNEPIN COUNTY ATTORNEY**
                              By:  JULIE K. BOWMAN
                                    Assistant County Attorney
                              C-2000 Government Center
                              300 South Sixth Street
                              Minneapolis, Minnesota  55487



For **Defendants John Hoff and Megan Goodmundson:**


                              **GODFREAD LAW FIRM**
                              By:  PAUL GODFREAD, ESQUIRE
                              100 South Fifth Street - Suite 1900
                              Minneapolis, Minnesota  55401



For **Third-Party Plaintiff Peter Rickmyer (limited appearance):**


                              Peter Rickmyer, *Pro Se*
                              2118 - 25th Avenue North
                              Minneapolis, Minnesota  55411




                    **TIMOTHY J. WILLETTE, RDR, CRR, CBC, CCP**
            Official Court Reporter - United States District Court
                         1005 United States Courthouse
                           300 South Fourth Street
                        Minneapolis, Minnesota  55415
                                612.664.5108

1          (9:30 a.m.)

2                          **P R O C E E D I N G S**

3                            **IN OPEN COURT**

4          THE COURT:  Good morning.  Please be seated.

5          THE CLERK:  The matter before the Court is Wells

6    Fargo v. Clark, et al.

7          Counsel, would you please note your appearances

8    for the record.

9          THE COURT:  Let's start over here at the

10   plaintiff's table.  You're Mr. Rickmyer, I assume.

11         MR. RICKMYER:  Peter Rickmyer.  My attorney's name

12   is Jill Clark.

13         THE COURT:  Okay.  The first thing I kind of want

14   to get clear is whether or not you represent yourself since

15   I've read several of the filings that you've signed, or

16   whether Ms. Clark represents you.

17         MR. RICKMYER:  What happens --

18         THE COURT:  Can I have you step to the lectern.

19   It's just easier for us to get a good record of what you

20   say.

21         MR. RICKMYER:  To my knowledge, the defendants

22   knew my attorney was on medical leave and submitted a motion

23   to remand.  My attorney was unable to make the proper

24   filings.  I then stepped in on a limited-appearance basis to

25   protect my rights to object to the motion to remand.  It's

1    also -- it's my understanding that my attorney filed a

2    motion to consolidate with another case that's filed with

3    the federal court.

4          As the Court knows, since I prepared the

5    objections, I'm actually prepared to argue if I need to step

6    in on a limited appearance to argue why it should not be

7    remanded.

8          THE COURT:  Okay.

9          MR. RICKMYER:  However, I do not waive my right to

10    have the cases consolidated, that Jill Clark still

11    represents me, but certainly my attorney is not here, so I'm

12    ready to proceed on a limited appearance *pro se* to argue

13    this particular motion if need be.

14          THE COURT:  Okay.  Well, let me just make sure I

15    understand you and be clear.

16          Jill Clark is your attorney.  That's true?

17          MR. RICKMYER:  Yes.

18          THE COURT:  And you do want me to go forward with

19    the motion and hear you today arguing on behalf of your own

20    case, true?  You want me to consider and hear your

21    arguments?

22          MR. RICKMYER:  Right.  What I was trying to say is

23    that the Court has not ruled on whether or not today's

24    motion hearing should go forward in light of the motion to

25    consolidate.

1           THE COURT:  Okay.  And are you a part of that

2     motion to consolidate?  You want this case to await a

3     hearing on the motion to consolidate, or do you want me to

4     consider your motion and the objections that you'd made

5     today?

6           MR. RICKMYER:  Well, actually, it's the

7     defendants' motion to remand --

8           THE COURT:  Right.

9           MR. RICKMYER:  -- and I'm just responding to it.

10          THE COURT:  But you filed quite a few things about

11    that motion and I was prepared to hear argument on that

12    today, but I want to make sure that you're okay with arguing

13    that and that Ms. Clark is okay with you arguing that as

14    long as it's on a limited basis.

15          MR. RICKMYER:  Well, it's my understanding that my

16    case is also part of that consolidation.

17          THE COURT:  Right.

18          MR. RICKMYER:  And that this Court hasn't ruled

19    whether or not this hearing should go forward or not.  If

20    this Court says regardless of the motion to consolidate

21    we're going to move forward today, then I'm ready to step in

22    on a limited appearance to represent myself for the hearing

23    itself.

24          THE COURT:  And Ms. Clark is okay with that, that

25    given those assumptions, that she knows that you're going to

1    appear on a limited basis then today?

2           MR. RICKMYER:  Yes.  She's aware that I filed some

3    objections and she's aware that I have an understanding of

4    the proceedings today.

5           THE COURT:  Because one of the things I want to

6    avoid is getting between you and your attorney in terms of

7    whether I should proceed or not.  I want you to have a

8    united position.

9           MR. RICKMYER:  Right.  It's my understanding that

10   my attorney wishes this case to be consolidated and that

11   it's her wishes not to have this hearing heard today.

12          THE COURT:  Okay.

13          MR. RICKMYER:  I'm just stating for the record if

14   the Court doesn't rule on the motion to consolidate, then

15   I'm ready to proceed.

16          THE COURT:  All right.

17          MR. RICKMYER:  Thank you.

18          THE COURT:  And I don't think we even got to

19   getting your appearance on the record, so let's note the

20   appearances of the defendant.

21          MR. GODFREAD:  Paul Godfread appearing on behalf

22   of John Hoff and Megan Goodmundson.

23          THE COURT:  All right.

24          MS. BOWMAN:  Julie Bowman, Assistant County

25   Attorney, appearing on behalf of Will McDonald.

1          THE COURT:  And McDonald is the moving party with

2     regard to today's motion to remand, as I understand.

3          MS. BOWMAN:  Your Honor, the motion is brought on

4     behalf of all three of us.

5          THE COURT:  Oh, all of them.  All right.

6          MS. BOWMAN:   The remaining defendants in this

7     case.

8          THE COURT:  All right.  Well, as Mr. Rickmyer

9     alluded to, there was very recently filed a motion to

10    consolidate which was just filed yesterday, I believe.

11         MR. RICKMYER:  Yes, that would be correct.

12         THE COURT:  And do the defendants take any

13    position with regard to the motion to consolidate?

14         MR. GODFREAD:  Yes, Your Honor.  We believe the

15    motion to consolidate is inappropriate to hear at this time.

16    This case was removed to federal court, at least in the

17    opinion of Hoff and Goodmundson and myself, to merely delay

18    the underlying case which was already scheduled for hearing

19    a motion to dismiss, so we would like to proceed with the

20    remand so that the ultimate determination of that case won't

21    be delayed any further.

22         THE COURT:  All right.

23         MS. BOWMAN:  Your Honor, may I -- Your Honor, we

24    would object to the motion to consolidate for a couple of

25    reasons.

1          First of all, we were not given notice of it at

2     all until yesterday.  I think that there's a rule that

3     requires us to meet and confer, a new local rule.

4          Secondly, we have had this motion scheduled for

5     quite a while for the remand, and if Ms. Clark is clearly on

6     medical leave, I don't know how she had the ability to file

7     the motion to compel yesterday.  I think we should -- I

8     would like the Court to move forward with the motion to

9     remand, to hear our arguments, and I'm hoping that if the

10    Court does make a ruling in the defendants' favor to remand,

11    that there's not going to be an opportunity for the

12    plaintiff and his attorney to then say, "Well, we're

13    objecting to that ruling because I wasn't" -- Ms. Clark

14    herself was not here to make the argument on behalf of

15    Mr. Rickmyer.

16              THE COURT:  All right.

17              MS. BOWMAN:  Thank you, Your Honor.

18              THE COURT:  All right.  Mr. Rickmyer, we'll hear

19    from you.

20              MR. RICKMYER:  Yes.  It's interesting to note,

21    with all due respect to the defendants' attorneys, that Jill

22    Clark has been on medical leave till January 7th, which

23    means that she could actually file a motion without

24    violating her doctor's restrictions, and that's all I wanted

25    to point out.

1              Thank you.

2              THE COURT:  Well, first of all, with regard to the

3      motion to consolidate, which so that the record stays clear

4      is document 28, it was filed yesterday, January 10th, one

5      day preceding the hearing.  It suffers several infirmities

6      under the civil rules, some of them mentioned by

7      Mr. Godfread and Ms. Bowman.  It wasn't appropriately

8      noticed, has not been scheduled or gone through the

9      meet-and-confer process or the other legal requirements to

10     be officially before the Court.

11             I don't know that there is anything specifically

12     with regard to Ms. Clark's medical condition that's been

13     filed with regard to this particular case, but I'll assume

14     that she is on medical leave and the ruling is in no way

15     dependent on that understanding.

16             It suffers, as I said, a number of procedural

17     irregularities and is not properly before the Court, so I am

18     not going to consider the motion to consolidate at this time

19     until it is appropriately raised and noticed and put on for

20     hearing, and it will not prejudice the hearing of today's

21     motion, which is a motion to remand.

22             So, at this time I'll hear the defendants in

23     support of the motion to remand that they have filed and

24     noticed some time ago to be heard today.

25             Ms. Bowman?

1          MS. BOWMAN:  Thank you, Your Honor.

2          Your Honor, I'm not going to go into a lot of

3    detail for the underlying case, but I think it's very clear

4    that the statute only allows that defendants can remove a

5    case from state court to federal court and that it must be

6    done, that notice to remove must be done within 30 days.

7    This case has been pending in Hennepin County District Court

8    since May 17th of 2011.  Needless to say, the 30-day

9    requirement has long since passed.

10          The plaintiffs are the ones that are bringing the

11   motion, it is not the defendants, and this case in Hennepin

12   County has proceeded along with answers to the complaint, to

13   discovery.  As a matter of fact, one of the defendants,

14   Michael Browne, has been dismissed, was dismissed in June of

15   2012.  A summary judgment motion was scheduled three

16   different times to be heard but was continued by Ms. Clark

17   claiming a medical reason.

18          Then the court, Judge Bush in Hennepin County

19   District Court, continued the original date from July 17th

20   to August 16th and then again to October 10th.  With that

21   already being scheduled then, Ms. Clark brought this motion

22   to remove this case to federal court sometime in September.

23   I think the court actually ruled it to be -- the Hennepin

24   County District Court ordered that it be remanded on

25   September 22nd of 2012, again, clearly 30 days past what's

1     required by the statute and again is filed by the plaintiff,

2     not the defendants.  I think -- not to make -- I just think

3     it's simply clear by the statute that this matter should be

4     removed back to Hennepin County and that it be continued

5     there to its completion.

6             Thank you, Your Honor.

7             THE COURT:  Mr. Godfread, did you want to be heard

8     with regard to your position on the matter?

9             MR. GODFREAD:  Yes, Your Honor, just briefly.

10             I think I'd just like to emphasize very briefly

11    that of course the removal is not appropriate for the

12    underlying case with the motion that's brought, but also the

13    petition for removal has a number of other defects.  Many if

14    not all the cases are inappropriately removed for the same

15    reason, others don't have -- do not have federal subject

16    matter jurisdiction.  I'll just mention the one that

17    involves my client in particular.

18             In the petition for removal, page 8, number 9,

19    Jerry Moore v. Don Allen, et al., that case is, again, over

20    four years old and involves common-law tort claims, again

21    removed by the plaintiff, not the defendant.  So, in

22    addition to failure to comply with the removal statute, it

23    seems that most of this case such as it is doesn't have

24    federal subject matter jurisdiction either.

25             And as a matter of additional flaws, it seems that

1    joinder would also be inappropriate, because none of these

2    cases seem to have anything to do with each other.

3            Ultimately, again I'll reiterate, it's our belief

4    that the only purpose of this removal was to avoid the

5    imposition of costs and fees which defendant Browne, who was

6    dismissed from the underlying action, has now received a

7    judgment for attorneys' fees.  And I believe this removal is

8    not only inappropriate, it's frivolous, and the only purpose

9    it serves is to further delay the state court proceeding.

10           On the issue of delay and medical leave, I'd like

11   to point out for the record that if Mr. Rickmyer's statement

12   that medical leave -- Ms. Clark's medical leave ended on

13   January 7th, it's not clear why she would be unable to

14   attend today's hearing, but with that we have nothing

15   further.

16           THE COURT:  All right.  Mr. Rickmyer?

17           MR. RICKMYER:  It's my understanding the purpose

18   for any case to be removed to federal court and the purpose

19   of the federal court is to protect the constitutional rights

20   of the party that's removing it.

21           Ms. Bowman respectfully pointed out to the Court

22   that there's somehow a 30-day rule in there, so Ms. Bowman's

23   presenting to this Court that if after 30 days it becomes

24   apparent that judges are committing judicial misconduct and

25   the defendants are committing fraud upon the court and it's

1   discovered after the 30 days or even before the 30 days, the

2   plaintiff cannot ask the federal court to protect its

3   constitutional rights.

4          In this case -- and I believe that I put it into

5   the main objection -- in this case, Michael Kip Browne, on

6   or at the same time as the attorney filed an *ex parte* motion

7   and received an *ex parte* motion order from Judge Bush.

8   Michael Kip Browne went to the Department of Corrections and

9   got relief from the civil action by denying me the right to

10  access the courts to amend the complaint to survive summary

11  judgment.  Now, this was in the 27-CV-10-3378.

12         Now, it's interesting to note that even though

13  that case got removed, noticed to remove, that case did not

14  get sent over here from district court, and I can only guess

15  on several reasons, but I did ask for relief from the court

16  from the *ex parte* order which denied me discovery requests

17  which I was going to use to amend the complaint to survive

18  summary judgment.

19         Now, further, the defendants have *ex parte* access

20  to Fourth Judicial District judges and they've used that

21  access to put forth *ex parte* verbal motions and received

22  *ex parte* orders which was detrimental to me.  And it seems

23  to me that the defendants would have a distinct advantage

24  over the plaintiff, me, because of the *ex parte* access they

25  have just by their position.

1          Will McDonald went in representing John Hoff in a

2     civil matter, putting forth a verbal motion and receiving an

3     order to not accept the lawsuit that was served upon him,

4     and Judge Blaeser honored Will McDonald's request.

5          THE COURT:  I think -- and I'll hear you out if

6     you'd like me to, but what would really be more helpful to

7     my deciding if this case should be remanded back to state

8     court is if you could tell me why the arguments of the

9     defense aren't correct with regard to whether or not -- I

10    guess you are sort of addressing the 30-day requirement, but

11    there's also not much authority, if any, that this may be

12    removed by a plaintiff rather than a defendant.

13         And then I guess on a more practical level -- and

14    this isn't anything you need to be a lawyer on -- one of the

15    things that's making this case really complicated is that

16    the petition for removal encompasses several matters of very

17    different types, including your own.  And I understand

18    you're focusing on that case, but it also says in the

19    petition that it wants to remove an action against Wells

20    Fargo, a matter called Klock vs. Minneapolis, Moore vs.

21    Hoff, et cetera.  So --

22         MR. RICKMYER:  It's my understanding the only

23    motion to remand is my case.

24         THE COURT:  Well, but they're all within one case.

25    It's been filed by your attorney, who you say is your

1    attorney, as a separate petition for removal and there's

2    just one petition for removal, so I'm going to consider

3    their arguments as it relates to everything in that

4    petition.

5              MR. RICKMYER:  Well, then I would -- if you're --

6    since I don't represent the other parties --

7              THE COURT:  I understand.

8              MR. RICKMYER:  -- that I would request this

9    hearing to be suspended and to notice all parties and

10   whether they obtain new attorneys or if they still retain

11   Jill Clark to appear, because they're not being represented

12   at this hearing which you may decide against them, and so I

13   think at this juncture that it might be prudent to halt

14   these proceedings.

15             THE COURT:  But their attorney, just like you,

16   they have the same facts and notice that you do.  This has

17   been appropriately noticed.  The motion was filed back in

18   October, so it isn't any surprise that we're hearing this

19   today, and there is an opportunity to be heard by any

20   parties that wish to just like yourself.

21             MR. RICKMYER:  Right.  But as you mentioned, it's

22   one petition, and to make a ruling on arguments made by a

23   person that's making a limited appearance *pro se* to the

24   whole petition versus just plaintiff Rickmyer's objections

25   to remand seems to me that -- it just doesn't seem correct.

1    You know, legally it may be done.  It just doesn't sound

2    like that should happen.

3              THE COURT:  Well, do you understand the problem?

4    If these had been brought as four or five matters,

5    individual cases from state court, then I would agree, but

6    it was your attorney's choice to bring this encompassing

7    multiple cases, so I've got to address it in the same

8    posture as your attorney put it before me.  I'm considering

9    your arguments just as they relate to your case that you're

10   involved in, but I have to figure out what I do with the

11   others.

12             MR. RICKMYER:  Can I make this suggestion to the

13   Court?  Can I make a motion to separate my case from the

14   other cases, so that way the decision that you make upon my

15   case does not affect other cases?  Because I'm more

16   concerned about --

17             THE COURT:  Their rights.

18             MR. RICKMYER:  Yeah.  And like I said, it doesn't

19   sound correct that I would be the one that would be

20   representing everyone else when I'm not an attorney.  So I

21   would at minimum suggest to separate it out, at least my

22   case versus everyone else's, because the other cases are not

23   actually a motion to remand.  It was just my particular case

24   from Julie Bowman.

25             And the one note that I want to make, and clearly,

1     is that part of my argument was that Will McDonald was

2     representing John Hoff and Meg Goodmundson when he went to

3     Judge Blaeser.  Now that we're in federal court, that

4     stopped.  However, if you look at the motion to remand, the

5     consensus that I get out of that motion is that Julie Bowman

6     prepared the paperwork and then Mr. Godfread and Megan

7     Goodmundson just signed onto it.

8          And so the difference here is that instead of Will

9     McDonald going up to the judge *ex parte* representing John

10    Hoff and Goodmundson, in this case we have Julie Bowman

11    doing some legal work.  I don't know what the extent is.

12    I've watched them converse and I saw -- and I don't know to

13    what extent, but it seems to me that at least in this forum,

14    I'm positive that neither Will McDonald or any of the

15    defendants are going to be allowed to put forth to the Court

16    *ex parte* motions or receive *ex parte* orders.  And so that's

17    important to me, that Will McDonald's not allowed *ex parte*

18    communication with the Court, or his attorney, or John

19    Hoff's attorney, or John Hoff, or any of the other

20    defendants.

21          The other thing is, Julie Bowman mentioned the

22    30-day rule after an order.  Once an order is placed you

23    have 30 days if the order is deemed to be biased or

24    prejudiced or if there was judicial misconduct.

25          Now, within seven days of me filing the objection

1      and accusing defendant Schooler committing fraud upon the

2      court by lying to Fourth Judicial District judges about me,

3      Judge Bush signed an order awarding Michael Kip Browne

4      $20,000.

5              THE COURT:  Okay.  Again, we're kind of getting, I

6      think, into the merits of your case.  The only issue that

7      I'm going to be dealing with today, Mr. Rickmyer, is whether

8      these cases belong in federal court or not, not anything

9      with regard to the merits of your case.

10             MR. RICKMYER:  I was addressing the 30-day rule

11     that Julie Bowman brought up.

12             THE COURT:  All right.

13             MR. RICKMYER:  Judge Bush's order is within 30

14     days of today.  Judge Bush did a quiet title order because

15     the case was removed to federal court.

16             Now, getting back to why it should be removed

17     here.  I was just kind of filling in the blanks.

18             Now, Judge Bush signed an *ex parte* order which was

19     detrimental to the plaintiff.  When I requested the court

20     for relief, the court refused.

21             Now, Judge Blaeser recused himself from the 10

22     case because of judicial conduct I had accused him of.  In

23     the policy with the Hennepin County bench, the buddy

24     judge -- when a judge recuses himself, the buddy judge also

25     recuses himself.

1            In this case, Judge Bush is Judge Blaeser's buddy

2       judge.  And in light of Judge Bush signing the *ex parte*

3       order and the court not giving me relief, at minimum Judge

4       Bush should have recused himself from the cases as soon as

5       he was assigned the 10 case on the administrative level, and

6       it goes to bias and they're willing to do anything that it

7       takes.

8            So, basically the defendants have tried to silence

9       me because their organization, Jordan Area Community

10      Council, has a long history of blatantly disrespecting

11      persons with disabilities by intentionally violating the

12      Americans with Disabilities Act, and that -- and that's

13      Michael Browne's organization, and their tenant is Hennepin

14      County Department of Corrections.

15           So, what happened is that Michael Browne or a

16      representative went to their tenant, Hennepin County

17      Department of Corrections, and said:  Don't let him amend

18      the complaint.  Don't let him file anymore.  We have a

19      summary judgment and we want him to lose because we do not

20      want to adhere to the Americans with Disabilities Act.  We

21      want to discriminate.

22           And so as Your Honor noticed, that Hennepin County

23      Department of Corrections is in violation of Title III, ADA,

24      by renting from Jordan Area Community Council 2539 Irving

25      illegally.  It violates --

1          THE COURT:  Again, I'm having a little trouble

2     understanding how all of these statements relate to whether

3     the case should be remanded to state court.

4          MR. RICKMYER:  Well, basically that they got

5     relief from their tenants to deny me access to the court by

6     not allowing me to amend the complaint in the 10 case to

7     survive summary judgment.

8          THE COURT:  Because if you'd been allowed to amend

9     the complaint, you'd be within the 30-day rule; is that what

10    you're --

11         MR. RICKMYER:  No, I would have survived summary

12    judgment in state court.  And the state court, now looking

13    at everything that I received up to today, now I know that

14    there was judicial misconduct in communication with JACC's

15    tenant, Hennepin County Department of Corrections, not only

16    to deny me the right to amend the complaint, but to silence

17    me by making me a frivolous litigant.

18         And the reason why I say that is that a party can

19    lose a lawsuit.  It doesn't make that person frivolous in

20    any sense.  And in this case, the reason why I lost the

21    lawsuit is because Michael Kip Browne, an attorney with the

22    Civil Rights Department, committed fraud upon the court by

23    omissions, by going to his tenants -- I'm not -- I'm sorry.

24    I've gone afar.  I certainly apologize for this.

25         Basically what I'm saying is that if I understand

1     Ms. Bowman's argument, she's saying that she hasn't denied

2     the allegations of the judicial misconduct, she hasn't

3     denied the fraud upon the court --

4              THE COURT:  Well, how I read what she's saying is

5     that she's not going to discuss the merits.  She's saying I

6     should remand them because plaintiffs don't have the right

7     to remove and that even if they did it wasn't done within 30

8     days, and that there's mishmash of things here that tries to

9     remove several cases at once, and that's the way I'm going

10    to be analyzing the case, not on the merits or anything with

11    regard to things that have happened procedurally in Hennepin

12    County.

13             MR. RICKMYER:  Right.  If I could finish this

14    thought, what I was trying to say is that -- if I understand

15    Julie Bowman's argument -- is that she's saying that because

16    of the judicial misconduct and because of her client's

17    representing Hoff and stuff like that, that because I didn't

18    discover it or the motion wasn't done within 30 days of the

19    order, of any order -- I believe the notice can be done on

20    any order which is produced.  The notice of removal must be

21    done within 30 days of the order, which is done because of

22    bias, prejudice and judicial misconduct.  And what I'm

23    saying is that Judge Bush's order ordering Michael Kip

24    Browne's award of $20,000 is the following.

25             Michael Kip Browne, because you went to your

1  tenant and committed fraud upon the court and then you went

2  to Judge Blaeser and got an *ex parte* order, and because I'm

3  supposed to remove myself from the case because Judge

4  Blaeser recused himself, but I'm not, and because plaintiff

5  Rickmyer filed an objection accusing me of judicial

6  misconduct, I'm going to reward you for your conduct and

7  award you $20,000.

8         Now, what I'm saying is that the order awarding

9  Michael Kip Browne $20,000 after Judge Bush was supposed to

10  recuse himself shows bias in itself.  That order was done in

11  mid-September -- I mean mid-December -- excuse me -- last

12  month.  That bias, the prejudice, and why it should be

13  removed to federal court is just because if you remand it

14  back to state court, the defendants can trample on my

15  constitutional rights.  The state courts have shown that

16  they will not protect my constitutional rights.

17         Now -- and I really want to emphasize this point:

18  The only person that has stood up to Attorney Godfread's

19  client, John Hoff, and told him no, we're not going to

20  violate plaintiff Rickmyer's constitutional rights.  He has

21  an absolute right to do this and we're not going to violate

22  that.  John Hoff attempted to intimidate and did intimidate,

23  harass and bullied my parole agent, Bobbie Chevalier-Jones,

24  for approximately six months until she feared for her

25  family's life.

1          THE COURT:  Okay.  Again, I'm having a little

2     trouble understanding how these relate specifically to the

3     motion to remand.  I understand that you really want to

4     argue your case on the merits, but --

5          MR. RICKMYER:  Well, no, I'm trying to illustrate

6     why it should stay here, and the reason is that the County

7     Attorney's Office should have been working on behalf of

8     Bobby Chevalier-Jones against Godfread's client, John Hoff,

9     so Parole Agent Jones would not be harassed.

10          And what I'm saying is that in the state courts

11     right now, there's no chance that my constitutional rights

12     will be protected, and I'm seeking this Court to stand up

13     and say, you know, even though it's -- even if you give

14     Bowman's argument credibility, that it's been over 30 days

15     since the last order that was produced in the 11 case, even

16     though it wasn't -- there was a quiet title done that I

17     supplied documents about within the last 30 days -- that

18     Bowman's saying that because I'm the plaintiff, that the

19     Fourth Judicial District can commit judicial misconduct, can

20     be biased against you, and you have no constitutional right

21     to be protected by removing it to federal court.  That's

22     what she's telling the judge, and I'm saying wait a second.

23     That doesn't sound correct.  The purpose of this Court is to

24     protect the United States constitutional rights of every

25     citizen, and that includes John Hoff and Will McDonald and

1    Mr. Godfread and Ms. Bowman.  It protects everyone.

2           And when a -- when the Fourth Judicial District is

3    prejudiced -- as noted in the main objection, Fourth

4    Judicial District staff attempted to trespass me out of the

5    building when I did nothing wrong.  The purpose of that was

6    to again silence me because I had -- because I had filed a

7    removal of Zimmerman.

8           And the same three judges, Zimmerman, Blaeser and

9    Bush, were involved in the Stepnes case, which you have a

10   copy of, where Judge Zimmerman ruled that the company wasn't

11   a real LLC or wasn't a real company listed with the

12   Secretary of State and suggested to Blaeser to do an order

13   to show cause.

14          And what happens -- and what I've noticed is that

15   what happens is that when Judge Blaeser wants to do

16   something that appears to be incorrect or against someone's

17   constitutional rights, he has his buddy judge sign the

18   order, and so that's what happened in the Stepnes case and I

19   believe that's what happened in my case.  Judge Blaeser made

20   an agreement or talked with someone.  I believe it was David

21   James, who was the attorney representing JACC at the time.

22   And so when James went over there with the *ex parte* motion,

23   but he represented to Bush that I was actually noticed,

24   which I wasn't, and James admitted that I was not noticed on

25   it, that Judge Bush signed it.

1          And I'm just asking this Court to not remand it

2     back to the state courts.  I'm asking this Court to protect

3     my constitutional rights.

4          Thank you.

5          THE COURT:  And have I given you an adequate

6     opportunity to say what you think is important about the

7     motion to remand?

8          MR. RICKMYER:  Well, I think that to send this

9     case, or send the 10 case -- just one second.

10          Now, the 10 case, which we spent some time on, was

11     also removed on the notice of removal on page 8, paragraph

12     9.  With Your Honor's permission --

13          THE COURT:  I don't think we need to do that.  We

14     all have the thing.  I'm not going to --

15          MR. RICKMYER:  No, no.  This is something else.

16          THE COURT:  Not new matters --

17          MR. RICKMYER:  No, no.  It's not a new matter.

18     It's the 10 case, even though it's noticed to remove, and

19     the 11 case was removed.  The 10 case, where Judge Bush

20     actually committed judicial misconduct and most of the bad

21     acts that were done, was not removed.  The file was not

22     transferred over here.  And the problem that I see there is

23     that Judge Bush knows what he did in this case was wrong.

24          And if this Court wants to send it back, I don't

25     have the technical knowledge to say, hey, you know, because

1   of this law, this law and this law it shouldn't be done.

2   But just using common sense and logic, to grant defendant

3   McDonald's motion and defendant Hoff's motion and

4   Goodmundson's motion, if you grant it, you're basically

5   saying:  You know what?  It's okay if Fourth Judicial

6   District judges commit judicial misconduct and it's okay for

7   the defendants to commit fraud upon the court, because we're

8   not going to protect plaintiff Rickmyer's constitutional

9   rights because Plaintiff doesn't have the technical right to

10   remove it to federal court.  However, I disagree with that.

11        And even if the law doesn't say -- doesn't

12   specifically state that you can keep jurisdiction over this,

13   that I would have to say the U.S. Constitution allows you to

14   retain jurisdiction, because I believe I've given you ample

15   evidence, documented evidence, of the judicial misconduct

16   and fraud upon the court by the defendants.  And that

17   because of the purpose of federal court is to protect the

18   constitutional rights of everyone, including the plaintiff,

19   that I believe you can still retain jurisdiction even if you

20   buy into Ms. Bowman's argument that, hey, it doesn't matter

21   if the judges are biased and prejudiced and committed

22   judicial misconduct against Plaintiff, and it doesn't matter

23   if the judges allow Will McDonald to put forth *ex parte*

24   motions and receive *ex parte* orders from the judges.  We

25   still want you to remand it back to state court, because you

1      know what?  We can win each and every motion that we put

2      forth to the state court.  We don't want it in federal court

3      because you're going to protect the plaintiff's

4      constitutional rights, including not allowing the defendants

5      to have *ex parte* communication with the court.

6              Thank you.

7              THE COURT:  Do the defendants feel I have the

8      appropriate arguments before the Court with regard to their

9      motions to remand or do they desire to supplement those by

10     way of any rebuttal?

11             MS. BOWMAN:  I don't believe so, Your Honor, not

12     on my behalf.

13             THE COURT:  Mr. Godfread?

14             MR. GODFREAD:  No, Your Honor.

15             THE COURT:  Well, I have had a full opportunity to

16     consider the pleadings which are filed here in federal

17     court, Docket Number 12-2621, which was initiated by the

18     filing of a petition for removal, and I am prepared to rule

19     on that.  I think despite the number of different issues

20     raised of many types, that the issues before the Court today

21     are relatively straightforward.

22             As a threshold or preliminary issue somewhat

23     raised by the arguments today is the question of whether the

24     motion today, the motion to remand, is appropriately before

25     the Court and ready for ruling.  There's been some

1    discussion with regard to Ms. Clark's position on it.

2    Clearly by Mr. Rickmyer's statements today and the pleadings

3    filed, she remains as counsel for all of the named

4    plaintiffs in the various actions that are encompassed by

5    the petition for removal.

6         This particular file does not include any request

7    by Ms. Clark with regard to her medical status other than

8    matters that are not of record.  As to whatever medical

9    status she is on or medical leave expired on some date in

10   January or not, the record will reflect that this Court did

11   not receive any motion for any accommodation, to be heard by

12   way of telephone or to be heard on the pleadings that were

13   submitted which the Court would have accommodated if it had

14   been requested.

15        I also feel that given the straightforwardness of

16   the intended ruling today that further argument or the

17   presence of Ms. Clark in person to further the positions

18   taken by herself in the matters already of record or as

19   argued by Mr. Rickmyer today is not in any way prejudicial

20   to the rights of her clients.

21        The issue then, since I have decided that it is

22   appropriately before the Court, is whether or not the case

23   should be remanded to state court, Hennepin County, from

24   whence it came.

25        Focusing upon the petition for removal itself,

1    that is, the document that instigated this matter and gave

2    life to it in federal court, the petition is 14 pages, which

3    encompasses at least four, if not more, state court actions

4    in Hennepin County.  One would be Clark's action against

5    Wells Fargo, which is discussed in there, clearly

6    Mr. Rickmyer's action as we've heard about today, which

7    encompasses various defendants, including Mr. Hoff,

8    Ms. Goodmundson and Will McDonald.  There is also an

9    additional case of Klock vs. Minneapolis, as well as Moore

10   vs. Allen, Hoff, et cetera.  There may be other cases

11   mentioned as well.

12        As I think the record today will reflect, the fact

13   that there are so many things encompassed in different cases

14   has created procedural as well as substantive issues.

15   Mr. Rickmyer has been appropriately careful to make sure his

16   remarks apply only to his case and I understand and accept

17   he does not wish to prejudice any of the other individuals

18   or clients of Ms. Clark whose cases may be mentioned in that

19   case.

20        As the defendants have argued, there are several

21   issues with regard to this Court's jurisdiction and

22   procedural irregularities.  One of those, as I've already

23   spoken about, is the fact that there is no legal support

24   that the Court is aware of or has been brought to my

25   attention with regard to whether or not a plaintiff has the

1    right to remove a case from state court to federal court.

2    That is something that typically applies only to defendants.

3          We also have the issue that we've discussed with

4    regard to the 30 days.  And as I think Mr. Rickmyer's

5    arguments indicate, it's really hard under the

6    all-encompassing and broad cases brought to figure out which

7    case we're talking about and 30 days as to which case or

8    when because there's so much encompassed by this complaint.

9    It would be a much easier task for the Court to analyze

10   federal jurisdiction if they were brought individually, each

11   separate case were brought individually.  Then we would not

12   have to deal with the triggering event or when the 30 days

13   runs with regard to each case.

14         So, in essence, the petition for removal is just

15   too broad, encompasses way too much for it to be a single

16   federal case as it's currently styled.  Therefore, I'm going

17   to grant the motion to remand.  Everything encompassed

18   within the petition for removal is remanded to federal

19   court.  That makes moot the motion to consolidate because

20   it's back in federal court.

21         I'll give you an opportunity when I'm done.  I

22   have several more things I want to say about the case and

23   I've given you a real adequate opportunity to state your

24   position.

25         Another illustration of the impossible task before

 1     the Court is, for example, Mr. Rickmyer has I assume what is

 2     his motion for *in forma pauperis* status filed with the

 3     Court.  It's a little hard to determine if that is yours

 4     since I can't read the signature, but I take it that it is

 5     in fact yours.  The signature is totally illegible.  But

 6     it's mooted out by the fact that I am remanding these cases

 7     back to state court in any event.

 8          So, the cases are remanded.  This file, that is,

 9     the entire court file 12-2621 will be closed.  The cases are

10     remanded.

11          Now, they need to be reanalyzed individually, and

12     I am not opining in any way, shape or form as to whether or

13     not if they were individually brought they might survive

14     some attempt to bring them in federal court by some other

15     vehicle.  I have serious doubts as to whether a removal is

16     appropriate and also with regard to timeliness.  But if any

17     of the plaintiffs, Mr. Rickmyer or any of the other

18     plaintiffs, thought they had an appropriate vehicle to bring

19     them in federal court, that should be carefully reconsidered

20     before any attempt to bring these in federal court.

21          I am not opining either, as Mr. Rickmyer

22     suggested, in any way as to issues with regard to judicial

23     misconduct or constitutional rights.  This is a procedural

24     ruling on the current petition for removal encompassing, as

25     it does, many different and sundry causes of action which

1    have no common denominator that the Court can discern in any

2    fashion.  Some of them are harassment cases, some of them

3    with regard to issues raised with regard to a foreclosure.

4    There is no common denominator and no reason for those

5    matters to be joined.

6            So, at this juncture, the Court does rule that the

7    motion to remand all matters encompassed within the petition

8    for removal is granted.

9            Now, did you have a question, Mr. Rickmyer?

10           MR. RICKMYER:  Yes.  I'd like some

11   clarification -- well, questions to the Court, if that's

12   okay.

13           The clarification that I'd like to know is, what

14   you're saying is that you're remanding back the whole file

15   and that if an attorney reviews the individual file and

16   wishes to notice to remove, it can be done and the Court

17   will take a look at the individual removal, but will not

18   look at the --

19           THE COURT:  I'm saying simply that this motion or

20   petition for removal of all of those cases is an improper

21   instrument and does not raise sufficient questions of

22   federal jurisdiction to allow the case to proceed, so I'm

23   remanding it to state court.  If there's any chance at

24   all -- and I'm not saying that there is.  Don't read into

25   this the fact that I'm saying if you just bring it

1      individually then it will survive.  No, there's very serious

2      problems, some raised in court today.  Do you have a right

3      to remove?  And if you could somehow get to that -- I'm not

4      sure you could get to that -- then there's also the issue of

5      30 days.

6              So, I am not making any declaration that if

7      they're individually brought they're appropriately here, but

8      they certainly are not acceptable in the form that they've

9      been brought and for that reason it cannot go forward.

10     There's no way for the Court given the status of the removal

11     to carve out.  It's all interspersed amongst each other.

12     It's entirely inappropriate for federal consideration given

13     the posture in which it was presented to the Court.  Beyond

14     that I'm not going to say anything further.

15             MR. RICKMYER:  I'm sorry.  Let me back up one step

16     and I apologize.

17             What I hear you saying is that you are not making

18     any judgment today whether or not my individual case had

19     merit or not to have it removed.  What you're saying is that

20     the petition to remove all the cases together as it was

21     presented to the Court was inappropriate and that's why

22     you're remanding it back to state court.

23             THE COURT:  I think that's largely what I'm

24     saying.  That's principally correct, but I'm not -- I want

25     to reiterate.  I'm not saying if individually brought it

1    could survive here.  That's not an issue that I'm deciding

2    today.

3            Okay.  Do the defendants have any questions about

4    the ruling?

5            MS. BOWMAN:  No, Your Honor.  I just want to

6    clarify.

7            At one point during your ruling you indicated that

8    you were going to remand the cases back to federal court.  I

9    just want to clarify that it was back to state court.

10           THE COURT:  It was removed to federal court,

11   remanded to state court.

12           MS. BOWMAN:  Thank you, Your Honor.

13           THE COURT:  Anything further?

14           MR. RICKMYER:  Thank you, Your Honor.

15           THE COURT:  Court will be in recess.

16       (Proceedings concluded at 10:30 a.m.)

17                    * * * * *

18

19

20

21

22

23

24

25

C E R T I F I C A T E


I, **TIMOTHY J. WILLETTE**, Official Court Reporter

for the United States District Court, do hereby

certify that the foregoing pages are a true and

accurate transcription of my shorthand notes,

taken in the aforementioned matter, to the best

of my skill and ability.



*/s/ Timothy J. Willette*


**TIMOTHY J. WILLETTE, RDR, CRR, CBC, CCP**
Official Court Reporter - U.S. District Court
1005 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota  55415-2247
612.664.5108